IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LORENZO K. PARKER, JR.,
  Plaintiff,

vs.         Case No. 3:12cv204/MCR/CJK

B. E. DUBOSE, et al.,
  Defendants.
_____

## REPORT AND RECOMMENDATION

  This prisoner civil rights case is before the Court upon plaintiff's "[R]equest to the Court for a TRO/Preliminary Injunction Order to Show Cause/Motion for Protection" (doc. 28), which the Court construes as a motion for preliminary injunction and temporary restraining order.  For the reasons that follow, the motion should be denied.

  Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI").  On July 30, 2012, plaintiff filed a second amended civil rights complaint under 42 U.S.C. § 1983, naming as defendants four prison officials at Santa Rosa CI (Officer B.E. Dubose, Officer W. White, Sergeant Diamond and Officer Moore).  Plaintiff claims the defendants used excessive force on him on February 17, 2012, in retaliation for plaintiff's complaints about prior acts of harassment.  In a separate order issued November 29, 2012, the

Court directed plaintiff to submit four service copies of his second amended complaint. (*See* Doc. 25). Plaintiff's motion for TRO seeks a transfer to an institution outside "the "Northern Region" (preferably Florida State Prison, Suwannee CI, or South Bay Correctional Facility) or, at a minimum, an order "forcing Santa Rosa C.I. to keep the defendants separate from [plaintiff]." (Doc. 28, p. 2). Plaintiff alleges in support of his motion that he fears the defendants "could possibly retaliate" against him once they are served with plaintiff's complaint, because the defendants have harassed him in the past and because plaintiff believes there will be a "constant threat to [his] safety and security" as long as he is confined at Santa Rosa CI. (*Id*., pp. 1-2). Plaintiff admits that none of the defendants have worked in plaintiff's dormitory as of late. (*Id*., p. 1). Plaintiff also asserts that is will be "injustice and extremely difficult to work on my case, not knowing who [is] in cohorts with the defendants." (*Id*., p. 2). Plaintiff states he "would feel much safer and secured" if transferred to an institution located closer to his family. (*Id*.).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an

extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Plaintiff has not satisfied his burden of persuasion on each of the four elements. Plaintiff's allegations of anticipated retaliation by defendants or other unidentified officers are conclusory and speculative in nature, and fail to establish that plaintiff is likely to suffer imminent and substantial injury if not transferred to an institution outside Region I. *See Siegel v. LePore*, 234 F.3d 1162, 1176-77 (11th Cir. 2000) (emphasizing that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Further, prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano,* 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *see also, e.g., Clark v. Browers*, 2005 WL 1926088, at *3 (E.D. Mo. Aug.10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"); *cf. Beltran v. Smith*, 458 U.S. 1303, 1305, 103 S. Ct. 2, 73 L. Ed. 2d 1388 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion."). Moreover,

plaintiff's request for a transfer or for prison administrators to keep the defendants separated from him involves matters of internal prison administration. Federal courts are normally reluctant to interfere with such matters as they are ill equipped to do so. *Cf. Procunier v. Martinez*, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989) ("[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism. Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities.").

Plaintiff has not shown that a substantial threat exists that he will suffer irreparable injury if the injunction is not granted. Nor has plaintiff shown that any threatened injury to him outweighs the threatened harm an injunction will do, or that granting the preliminary injunction will not disturb the public interest. Because plaintiff has failed to meet his burden of persuasion as to each of the requisites needed to obtain an injunction, the Court should not grant his request for extraordinary relief.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for preliminary injunction and temporary restraining order (doc. 28) be DENIED.

At Pensacola, Florida, this 2nd day of January, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).