UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LORENZO K. PARKER, JR.,**

    **Plaintiff,**

v.                                      **Case No. 3:12cv204/MCR/CJK**

**B.E. DUBOSE, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the Court upon defendants' motion to dismiss. (Doc. 52). Plaintiff has responded in opposition to the motion. (Doc. 54). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the Court concludes that defendants' motion should be granted and this case dismissed without prejudice under 42 U.S.C. § 1997e(e).

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Charlotte Correctional Institution. (Docs. 57, 60). Plaintiff was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to this lawsuit. Plaintiff commenced this action on April 25, 2012, by filing a civil

rights complaint under 42 U.S.C. § 1983. (Doc. 1). Now pending is plaintiff's second amended complaint. (Doc. 18). Plaintiff's second amended complaint names as defendants four prison officials at Santa Rosa CI: Correctional Officer B.E. Dubose, Correctional Officer W. White, Correctional Officer Moore, and Sergeant Diamond. Plaintiff claims the defendants violated his rights under the Eighth Amendment on February 17, 2012, when they used excessive force on plaintiff during an escort from one dormitory to another. Plaintiff alleges that during the escort, defendants Dubose and White shoved plaintiff face first onto a cement floor while plaintiff was handcuffed and shackled, and then rammed their knees into plaintiff's lower back, twisted plaintiff's arms and fingers, and taunted plaintiff. Plaintiff states that the assault lasted approximately five minutes, and that defendants Moore and Diamond stood idle and watched. Plaintiff asserts that prior to the escort and assault, he told defendant Diamond he wanted to be moved to a different dormitory due to Dubose's, White's and Moore's "excessive harassment", and that Diamond exposed plaintiff to a substantial risk of serious harm by assigning the three officers to the escort. As a result of the alleged five-minute assault, plaintiff states he suffered a black eye, a bloody lip, scrapes, an abrasion to his face, and "chronic backpains". (Doc. 18, p. 6 and continuation page). As relief, plaintiff seeks "compensatory damages to make up for the physical harm I was caused 'chronic back pains' and punitive damages to punish guards who hurt me on purpose." (*Id.*, p. 7).

Defendants move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the bases that: (1) plaintiff's claims are barred because he "fail[s] to allege the requisite physical injury under either 42 U.S.C. § 1997e(e) or the Eighth Amendment", (2) plaintiff failed to exhaust his administrative remedies

with respect to his claims against defendants Moore and Diamond and (3) plaintiff fails to state a claim for deliberate indifference against defendants Moore and Diamond. (Doc. 52). Plaintiff has responded in opposition to dismissal. (Doc. 54). Because defendants' first asserted basis for dismissal is dispositive, the undersigned will address only that issue.

## DISCUSSION

Defendants assert that plaintiff's claims are barred, because the physical injuries he alleges – a black eye, bloody lip, scrapes, an abrasion to his face and "chronic backpains" – even if true, "constitute *de minimis* injuries insufficient to meet the standard imposed by 42 U.S.C. 1997e(e) and the Eighth Amendment." (Doc. 52, pp. 4-10). Plaintiff responds that the degree of injury is just one of the factors considered in determining whether defendants' use of force was excessive, and that his allegations sufficiently allege an Eighth Amendment violation. Plaintiff does not address whether his alleged injuries satisfy § 1997e(e)'s physical injury requirement. (Doc. 54, pp. 2-3).

A.  Rule 12(b)(6) Standard

In considering a motion to dismiss filed under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-

glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

      B.    Section 1997e(e)'s Physical Injury Requirement

As plaintiff was advised in this Court's previous amend order (doc. 16), the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983 is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the alleged harm occurred while plaintiff was in custody.  Plaintiff's damages claims, which cannot be liberally construed as requesting nominal damages because plaintiff specifically requests compensatory and punitive damages, are based on the mental and emotional injury plaintiff suffered as a result of defendants' alleged use of excessive force, and/or the fact of the alleged unconstitutional conduct itself (divorced from any mental or emotional injury plaintiff suffered).  Plaintiff's alleged

black eye, bloody lip, scrapes, abrasion and "backpains"[1] do not amount to more than *de minimis* physical injury and are not sufficient to meet the physical injury requirement of § 1997e(e). *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"); *see also, e.g., Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) (holding that § 1997e(e) barred inmate's claims for monetary damages; inmate's complaints of vague injuries to his back and scrapes and marks on his knees and legs did not amount to more than *de minimis* physical injury); *Quinlan v. Personal Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (holding that § 1997e(e) barred pre-trial detainee's claims for compensatory and punitive damages; pre-trial detainee's complaints of temporary chest pain, headache and difficulty breathing while in transport van, as well as subsequent "continuous back pain in [his] lower back that periodically cause[d] [him] to walk hunched over," did not constitute more than *de minimis* physical injury required under § 1997e(e), since none of the conditions required immediate medical attention or evidenced physical injury besides discomfort); *Luong v. Hatt*, 979 F. Supp. 481, 485 (N.D. Tex. 1997) (prisoner's damages claims barred by § 1997e(e); prisoner's alleged injuries – a bleeding tongue and injured shoulder lasting a couple of days, abrasions on forearm and chest, contusion with slight swelling of left jaw, swollen wrists lasting two days, cut on face, bloody nose, cuts in mouth, and scratches to face – were *de*

---

[1] Plaintiff did not disclose the alleged back pain in his initial complaint (doc. 1) or first amended complaint (doc. 7), but waited several months until the filing of his second amended complaint after the Court warned him of § 1997e(e)'s requirement..

*minimis*). As defendants note, the *de minimis* nature of plaintiff's injury is further demonstrated by the fact that plaintiff himself has made the determination to forgo treatment (ibuprofen) for his alleged back pain because the $5.00 medical co-pay exceeds what he is willing to "pay" (i.e., have charged to his inmate account). (*See* Doc. 18, p. 10). As plaintiff fails to allege more than a *de minimis* physical injury, his damages claims are barred under § 1997e(e), and this suit must be dismissed. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

## CONCLUSION

Taking the allegations of plaintiff's second amended complaint as true and construing them in the light most favorable to plaintiff, plaintiff fails to state a plausible claim for the relief he seeks (compensatory and punitive damages). Plaintiff's failure to state a plausible claim even after being given an opportunity to amend justifies dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 52) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of August, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).